IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO.: 4:12-CV-00264-FL

| | |
|---|---|
| MILBERT CREDLE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant ) | |
| _____ ) | |

This matter is before the Court upon the parties' cross Motions for Judgment on the Pleadings. (DES 21, 25). The time for filing any responses or replies has expired and the motions are now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), they have been referred to the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE 21) be DENIED, that the Defendant's Motion for Judgment on the Pleadings (DE 25) be GRANTED, and that the Commissioner's final decision be affirmed.

**I. STATEMENT OF THE CASE**

Plaintiff protectively filed an application for supplemental security income on December 1, 2009, alleging a disability beginning on August 1, 1996[1]. (Tr. 28). His claim was denied initially and upon reconsideration. *Id*. at 104–07; 93–103. A hearing was held before an Administrative Law Judge ("ALJ") via video-conference on March 15, 2011 and, in a decision

---

[1] Inasmuch as Plaintiff was incarcerated at the time of that alleged onset date, there was discussion at the hearing before the ALJ that he alleged onset dare would be amended to January 1, 2010. (Tr. 42).

dated March 31, 2011, the ALJ determined that Plaintiff was not disabled. *Id*. at 20–31. The Social Security Administration's Office of Disability Adjudication and Review Appeals Council ("AC") denied Plaintiff's request for review on September 18, 2012, thus making the ALJ's decision the final decision in this matter. *Id*. at 1–6. Plaintiff appealed that decision to this Court on December 6, 2012. (DE 1-2).[2]

**II. STANDARD OF REVIEW**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . .

42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should

---

[2] Plaintiff states that he filed another application for benefits in April, 2011 which was approved. (*See* DE 22 at 2). The subsequent application for benefits has no bearing on the disposition of the present matter. *See Albright v. Commissioner of Social Sec. Admin.*, 174 F.3d 473, 476 (4th Cir. 1999) (finding that "[t]he SSA treats a claimant's second or successive application for disability benefits as a claim apart from those earlier filed[.]").

2

not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." *Craig*, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

## III. ANALYSIS

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

*Mastro v. Apfel*, 270 F.3d 171, 177 (4th Cir. 2001).

The ALJ followed the sequential evaluation in this case. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date, December 1, 2009. (Tr. 30). At step two, the ALJ found that Plaintiff had the following severe impairments: diabetes mellitus; status post gunshot wound to the chest 15 years earlier; and degenerative arthritis involving the knee joints and lumbar spine. (*Id*). However, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically

3

equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*. at 31). Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a full range of medium work as defined in 20 C.F.R. 416.967(c). (*Id*.). The ALJ also determined that Plaintiff had no past relevant work. (*Id*. at 33). Considering Plaintiff's age, education, work history and RFC, the ALJ determined that there were a significant number of jobs in the national economy which Plaintiff was capable of performing. (*Id*. at 34). Accordingly, the ALJ found that Plaintiff had not been under a disability during the relevant time period. (*Id*).

Plaintiff's contends that the ALJ's assessment of his RFC is not supported by substantial evidence. He further asserts that the ALJ erred in assessing Plaintiff's credibility.

*A. Evidence before ALJ*

The undersigned has reviewed the entire record, the relevant parts of which shall now be summarized.

*1. Plaintiff's testimony*

Plaintiff testified that he went through the 11th grade in school. (Tr. 46). He stated that he has a driver's license but that he does not drive because he does not have a car. (*Id*. at 47). He stated that he was imprisoned until 15 months before, and that he was unable to work because of bad legs, which prevent him from standing for long periods; foot paralysis; his inability to bend over or lift anything; and the fact that his kidneys do not function well. (*Id*. at 47–48). He testified that he can only stand for 10 minutes before he has to sit down and that he can only sit for 20 minutes before he has to change positions. (*Id*). He also stated that it was possible that he could lift more than 20 pounds. (*Id*).

Plaintiff testified that his typical day involves sitting around, watching television and taking his medication. (*Id*. at 49). He stated that he uses the bathroom approximately 20 times in an 8 hour period. (*Id*). Although he makes his bed, Plaintiff testified that he does not do other household activities. (*Id*). He testified that he went to the ER and was diagnosed with bronchitis, which resulted in a 100 pound weight loss in two months. (*Id*. at 50).

   *2. Medical Evidence*

Plaintiff was incarcerated in the North Carolina Department of Corrections from 1998–2009. (*Id*. at 41–42). The medical records note his history of diabetes. (*Id*. at 244–308). As the ALJ found, records indicate this condition was well–controlled with medication. (*Id*. at 32). A DOC Patient Acuity Assessment dated December 22, 2006 determined that Plaintiff had a stable chronic disease (diabetes) but that he was independent in activities of daily living. (*Id*. at 246).

In January, 2007, the DOC issued the following restrictions on Plaintiff's activities: no climbing; lifting limited to 25 pounds; walking limited to ½ mile; standing limited to 2 hours. (*Id*. at 277). These restrictions were in effect for 6 months and they expired in July, 2007. (*Id*).

A February 23, 2010 x-ray of Plaintiff's lower back showed degenerative disc disease and subchondral sclerosis at L4-L5 with lower lumbar arthropathy. (*Id*. at 310). It also noted degenerative changes in both S1 joints. (*Id*). The diagnosis was degenerative arthritis without acute abnormality. (*Id*). Medical records from Agape Hospital in September, 2010, show that Plaintiff was complaining of pain in both knees, for which he was directed to take Tylenol. (*Id*. at 331).

5

Plaintiff was seen by Dr. E.C. Land for a consultative examination on February 23, 2010. (*Id*. at 312–14). Dr. Land noted Plaintiff's knee pain, back pain, diabetes, his independence in self-care and the lack of assistive devices. (*Id*. at 312–13). The examination found full flexation and extension of Plaintiff's hips and knees as well as a normal gait. (*Id*. at 313–14). Dr. Land found Plaintiff's uncorrected vision to be 20/25 in both eyes and 20/20 in the right eye and 20/25 in the left eye with corrective lenses. (*Id*. at 314). The diagnosis was degenerative arthritis primarily involving the knee joints and lumbar spine, and type 2 diabetes with a history of good control. (*Id*).

Two RFC Assessments were performed on Plaintiff in 2010. Dr. William Farley performed an RFC Assessment in March, 2010 and determined that Plaintiff was capable of medium work with some postural limitations. (*Id*. at 87–89). In April, 2010, Dr. E. Woods performed an RFC Assessment and likewise concluded Plaintiff could perform medium work with some climbing and balancing restrictions due to his arthritis. (*Id*. at 100).

Additionally, the January, 2010 Function Report submitted by Plaintiff stated that he had no problems with personal care; he prepared a few meals at home; he was able to do laundry and go to the store; he engaged in social activities, such as church, once a week; and he could lift 25 pounds and walk ½ mile. (*Id*. at 197–207) A subsequent Function Report completed by Plaintiff in April, 2010 also stated that he socialized and played chess 3–4 times per week and that he could lift 25 pounds and walk 1/4 mile (*Id*. at 218–25).

*B. Plaintiff's RFC*

At Step 4, the ALJ determines the claimant's RFC, which "represents the most that an individual can do despite his or her limitations or restrictions." *See* Social Security Ruling

6

96–8p, 61 Fed. Reg. 34474, 34476 (1996). This requires the ALJ to evaluate a claimant's ability to do sustained work-related physical and mental activity on a regular basis. In making this finding, the ALJ considers the functional limitations from medically-determinable impairments. Thus, when the medical evidence shows a limitation, the ALJ must factor that into the RFC assessment. This "assessment . . . provides a backdrop for the ALJ's evaluation[s] . . . and provides insight into [them]." *Worden v. Astrue*, 2012 WL 2919923, *5 (E.D.N.C. May 29, 2012), *Report and Recommendation Adopted by*, *Worden v. Astrue*, 2012 WL 2920289.

Plaintiff contends that his RFC was not properly determined. Specifically, Plaintiff asserts that the ALJ's decision is not supported by substantial evidence because it improperly and mechanically applied the age categories, it erroneously concluded that he had the equivalent of a high school education and it erred in determining he could perform medium work.

*1. Age category*

Plaintiff first contends that the ALJ applied the age categories in a mechanical fashion rather than taking a flexible approach. At the date of application, Plaintiff, who was born on July 9, 1955, was six months away from his 55th birthday, which would place him in the advanced age category. He contends the ALJ erred in not placing him in the older category.

The Medical–Vocational Guidelines ("the Grids"), 20 C.F.R. Pt. 404, Subpt. P, App. 2, break age into four categories: (1) close to retirement age (60–64); (2) advanced age (55–59); (3) approaching advanced age (50–54); and (4) younger individual (18–49). The ALJ must not apply the age categories mechanically in a situation where the claimant is on the borderline of a higher age category. *Gory v. Schweiker*, 712 F.2d 929, 930–931 (4th Cir. 1983) (citing 20 C.F.R. § 404.1563(a)). Where a borderline age situation exists, the ALJ must decide whether it is more

7

appropriate to use the higher category or the claimant's chronological age. *Brown v. Astrue*, 2009 WL 890116, No. 3:07–2914–SB, at *12 (D.S.C. Mar. 30, 2009). A non-mechanical application of the Grids requires additional analysis. *See Phillips v. Astrue*, 671 F.3d 699, 707 (8th Cir. 2012) ("Simply noting [Plaintiff's] age and her current age category fails to answer the precise question at hand — whether her borderline situation warranted moving her to the next category."); *Anderson v. Astrue*, 2011 WL 2416265, at *9 (N.D. Ill. June 13, 2011) (finding insufficient borderline age analysis where the ALJ merely noted plaintiff's age, date of birth, and age category).

In the present matter, Defendant is correct is noting that Plaintiff's argument is factually incorrect. The ALJ's decision states that Plaintiff "was 54 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed. [Plaintiff] subsequently changed age category to advanced age." (Tr. 33). Additionally, at Step Five, the ALJ applied Medical-Vocational Rules 203.21 (closely approaching advanced age) and 203.14 (advanced age) in concluding Plaintiff was not disabled. (*Id*. at 34). Accordingly, the ALJ clearly used the higher age category and did not, as Plaintiff contends, mechanically apply his chronological age. Thus, this argument is without merit.

    *2. Education*

Plaintiff next asserts that the ALJ erred in stating that he has at least a high school education because he only completed the 11th grade. However, the Disability Report submitted by Plaintiff in December, 2009 states that he earned his GED in 2000. (*Id*. at 179). A GED is recognized as the equivalent of a high school education. *See Jackson v. Astrue*, 2008 WL 410282, at *2 (W.D. Va. February 13, 2008) (finding that a GED is a high school education

8

under 20 C.F.R. § 404.1564(b)(4)). Accordingly, this assignment of error lacks merit.

### 3. Medium work

Plaintiff also challenges the ALJ's finding that he was capable of performing a full range of medium work. Plaintiff argues that a limitation to light or sedentary work would result in a finding of disability under Medical Vocational Rules 202.01 and 201.01, respectively. In support of this argument, Plaintiff cites the DOC's January 17, 2007 note restricting his lifting (25 pounds), climbing (none), standing (2 hours) and walking (½ mile). (*Id* at 277). He also points to the arthritis in his back and knees.

However, the medical evidence of record supports a finding that he is capable of performing medium work. First, it is noteworthy that the DOC's restrictions were in effect for six months, and lacking evidence that they were extended or continued, expired in July, 2007. (*Id*). Additionally, while noting degenerative arthritis, the February, 2010 x-ray also found no acute abnormalities. (*Id*. at 310). Dr. Land's examination observed that Plaintiff was independent with self-care and required no assistive devices. (*Id*. at 312). It further found Plaintiff had full muscle strength, normal gait and full range of motion in his extremities. (*Id*. at 313). Dr. Land determined that Plaintiff had only mild restrictions in his ability to walk, climb, squat, stoop and lift due to the arthritis in his knees and back. (*Id*. at 314). Dr. Land further found his diabetes was well-controlled. (*Id*).

Further, as noted above, Drs. Farley and Woods performed RFC Assessments of Plaintiff, both determining that he was capable of medium work with some limitations. (*Id*. at 87–89; 100). The RFC is further supported by the Function Reports completed by Plaintiff, wherein he states that he can lift 25 pounds, walk 1/4 or 1/2 mile, is independent in self-care, performs some

9

chores, such as laundry, cooking and shopping, and is able to socialize 3–4 times a week. (*Id*. at 197–207; 218–25).

Based on this evidence, the record lacks support for Plaintiff's assertion that he was unable to perform medium work. Consequently, his argument is without merit.

*C. Credibility*

Plaintiff also raises an issue as to the credibility afforded to his testimony by the ALJ. "Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). The regulations provide a two-step process for evaluating a claimant's subjective complaints of pain or other symptoms. 20 C.F.R. § 404.1529; *Craig*, 76 F.3d at 593-96. First, the ALJ must determine whether there is objective medical evidence showing the existence of a medical impairment that could be reasonably expected to produce the pain or alleged symptoms. 20 C.F.R. § 404.1529(b); *Craig*, 76 F.3d at 594. Second, the ALJ evaluates the intensity and persistence of the symptoms to determine how they limit the capacity for work. 20 C.F.R. 404.1529(c); *Craig*, 76 F.3d at 595. The ALJ evaluates the intensity and persistence of the symptoms and the extent to which they limit a claimant's capacity for work in light of all the available evidence, including the objective medical evidence. 20 C.F.R. 404.1529(c).

At the second step, however, claims of disabling symptoms may not be rejected solely because the available objective evidence does not substantiate the claimant's statements as to the severity and persistence of the symptoms. *See Craig*, 76 F.3d at 595. Since symptoms can sometimes suggest a greater severity of impairment than can be shown by objective medical

10

evidence alone, all other information about symptoms, including statements of the claimant, must be carefully considered in the second part of the evaluation. 20 C.F.R. 404.1529(c)(2). The extent to which a claimant's statements about symptoms can be relied upon as probative evidence in determining whether the claimant is disabled depends on the credibility of the statements. SSR 96-7p, 1996 WL 374186, at *4. Ultimately, the ALJ's findings with regard to a claimant's credibility must "contain specific reasons . . . supported by evidence in the case record." *Id*. at *2. Further, Social Security Ruling 96-7 provides:

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

SSR 96-7, 61 Fed. Reg. 34483-01.

In this matter, the ALJ found that Plaintiff's credibility was poor based on the objective evidence, and he provided support for this finding. The ALJ noted that Plaintiff's testimony was inconsistent with the medical evidence of record. (Tr. 33). The ALJ observed that his testimony as to activities of daily living was inconsistent with his abilities as reported in his functional reports. For example, although he testified that he does little more than watch television, check his blood sugar and make his bed, he previously reported that he also does laundry, some inside work, prepares light meals, goes shopping, handles a checkbook and savings account, pays bills and attends church weekly and social activities 3–4 times per week. (*Id*. at 197–207; 218–225). Plaintiff also testified that he could not lift more than 20 pounds, but had stated previously that

11

he could lift 25 pounds, which was consistent with findings of Dr. Land as well as the state agency physicians' RFC Assessments. (*Id*. at 87–88, 98, 205, 223). Moreover, despite his allegation of constant and severe pain, his treatment has been minimal and non-aggressive, consisting of over-the counter medications. (*Id*. at 181, 228, 233). While Plaintiff asserted he made use of assistive devices such as a cane, crutches, wheelchair and/or a splint/brace, the record is void of any such deice being utilized and, further, Dr. Land observed a normal gait. (*Id*. at 206, 314). Nor is there any evidence in the record, such as numbness or skin changes, supporting his claim of diabetic neuropathy in his feet. Finally, despite claims of vision impairment, the medical evidence established that Plaintiff's uncorrected vision was 20/25, with one eye capable of correction to 20/20. (*Id*. at 314).

Based on these inconsistencies and Plaintiff's unsupported claims, the ALJ properly concluded that the Plaintiff's credibility was doubtful. The medical evidence of record constitutes substantial evidence to support the determination as to Plaintiff's RFC. Accordingly, Plaintiff's argument on this issue is without merit.

## IV. CONCLUSION

For the aforementioned reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE 21) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE 25) be GRANTED, and that the decision be affirmed.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on November 14, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE